IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION |
| FEDA KURAN, | No. 13-160 |
| *Defendant*. | |

**PAPPERT, J.**                                                                 February 28, 2017
<u>**MEMORANDUM**</u>

    Feda Kuran was charged by information with one count of healthcare fraud in violation of 18 U.S.C. §§ 1347 and 2, one count of a violation of the anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2), and aiding and abetting in violation of 18 U.S.C. § 2. (ECF No. 1.) Kuran pleaded guilty to both counts on April 17, 2013, (ECF No. 8.), and on November 5, 2014 was sentenced by Judge William H. Yohn, Jr. to 64 months imprisonment, 3 years of supervised release, a $200 special assessment and $2,015,712.52 in restitution, (ECF No. 37). On August 25, 2016 Kuran filed a motion requesting a sentence reduction pursuant to U.S.S.G. § 5K1.1. (ECF No. 45). For the following reasons, the motion is denied.

    Only the Government may file a § 5K1.1 motion and it must do so prior to sentencing. *See* U.S.S.G. 5K1.1 ("*Upon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." (emphasis added)). After sentencing, only the Government may move under Federal Rule of Criminal Procedure 35(b) to reduce a sentence because of substantial assistance provided by the defendant. *See* FED. R. CRIM. P. 35(b)(1) ("*Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or

prosecuting another person." (emphasis added)); *id.* at 35(b)(2) ("*Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . .*" (emphasis added)); *see also United States v. Higgs*, 504 F.3d 456, 460 (3d Cir. 2007) ("Subsection (b) [of Rule 35] was also changed in 1987 to provide that a sentence could be reduced *only upon a government motion* made within one year of sentencing, or, under a 1991 amendment to Rule 35, later than one year after sentencing if certain requirements were met." (emphasis added)); 3 CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, *Federal Practice and Procedure* § 611 (4th ed. Supp. 2017) ("After the amendments [to Rule 35], the only circumstances in which a sentence could be reduced were on remand after appeal or upon motion of the government to recognize a defendant's cooperation.").

In any event, Rule 35 is inapplicable to Kuran's request. Kuran states in her motion that "[d]uring the course of the indictment" she "provided substantial information" to the government. (Def.'s Mot., at 1, ECF No. 45.) She does not contend that she provided information to the government *after* her sentence. *See* FED. R. CRIM. P. 35(b)(2) (A) ("[I]f the defendant's substantial assistance involved . . . information not known to the defendant until one year or more after sentencing."); *id.* at 35(b)(2)(B) ("[I]f the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing."); *id.* at 35(b)(2)(C) ("[I]f the defendant's substantial assistance involved . . . information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.").

Finally, the Government has broad discretion in deciding whether to file either a § 5K1.1 or Rule 35 motion to reduce the sentence of a defendant who has provided substantial assistance in investigating or prosecuting another person.  *See United States v. Isaac*, 141 F.3d 477, 481 (3d Cir. 1998); *see also Wade v. United States*, 504 U.S. 181, 185–86 (1992) ("[I]n . . . § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.").  Federal court review of this prosecutorial discretion is allowed only where there is evidence that the Government has refused to file a motion because of an "unconstitutional motive" or where there is evidence that the Government's refusal is "not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 185–86.  Indeed, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* at 186.  Only if a defendant makes a "substantial threshold showing" will she be entitled to discovery or a hearing.  *Id.*  Here, Kuran asserts only that she "provided substantial information."  Because this is not a "substantial threshold showing," Kuran is not entitled to discovery or a hearing.

                                              BY THE COURT:

                                              */s/ Gerald J. Pappert*
                                              GERALD J. PAPPERT, J.