IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

FEDA KURAN,

              *Defendant*.

No. 16-cv-4575
No. 13-cr-160

**PAPPERT, J.**                                                              **March 8, 2017**

<u>**MEMORANDUM**</u>

       Feda Kuran seeks to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, her motion is denied and no certificate of appealability shall issue. Kuran was charged by information with one count of healthcare fraud in violation of 18 U.S.C. §§ 1347 and 2, one count of a violation of the anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2), and aiding and abetting in violation of 18 U.S.C. § 2. (ECF No. 1.) Kuran owned and managed ambulance companies that defrauded Medicare by transporting patients whose medical condition did not require ambulance services.

       Kuran pleaded guilty to both counts on April 17, 2013, (ECF No. 8.), and on November 5, 2014 was sentenced by Judge William H. Yohn, Jr. to 64 months imprisonment, 3 years of supervised release, a $200 special assessment and $2,015,712.52 in restitution, (ECF No. 37). Her sentence was within the 57 to 71 month Guidelines range, as calculated in the Pre-Sentence Report and explained by the Court. (Tr. of Sentencing Hr'g, at 5:3–15, ECF No. 49-2.) On September 6, 2016 she filed a *pro se* motion under 28 U.S.C. § 2255, contending that: (1) the government did not "prove the actual amount vs. the intended loss, which caused an enhancement of [the] base offense level;" (2) restitution damages were improperly calculated and

1

split among the parties; (3) she played a "minor role" and is entitled to a retroactive reduction in her sentence under Amendment 794; and (4) her counsel was ineffective.

## I.

Kuran's motion is time-barred and she offers no reason why this Court should apply equitable tolling. Moreover, even if the motion had been timely filed, it would fail because Kuran knowingly and voluntarily waived her right to collaterally attack her sentence and enforcing this waiver will not work a miscarriage of justice.

Kuran filed her motion more than nine months after the statutory deadline. A Section 2255 motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of the following: "(1) the date on which the judgment becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." *Id.*

The Court entered judgment on November 17, 2014. (ECF No. 41.) Because Kuran did not file a direct appeal of her sentence, she was required to file her motion on or before November 17, 2015 unless one of the alternate-timing provisions applied. Kuran asserts that Section 2255(f)(4) applies, making her September 6, 2016 motion timely. Aside from claiming "information found after the fact per due diligence," (Def.'s Mot., at 11, ECF No. 46), Kuran offers no explanation why her supposedly newly discovered facts could not have been

discovered prior to the expiration of the statute of limitations.  Kuran never explains what new information she has.  Moreover, all of her objections involve information that she would have known at the time of her sentencing.  For example, Kuran challenges the government's calculation of "actual loss" and the allocation and calculation of restitution damages.  Yet Kuran knew the government's calculation of both of these figures at the time of her sentencing because she stipulated and agreed to the actual loss calculation in her signed plea agreement.  (Plea Agmt., at 3 & 5, ECF No. 8.)

For similar reasons, equitable tolling should not apply to Kuran's motion.  "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Kuran has not established either element.

In a reply brief, Kuran argues that her motion is timely because the Supreme Court's decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), announced a new rule which applies retroactively to her case.  *See also* 28 U.S.C. § 2255(f)(3).  In *Molina-Martinez*, a defendant who pleaded guilty to being unlawfully present in the United States was sentenced to 77 months imprisonment.  *Id.* at 1343.  On appeal, the defendant argued that the district court erred in calculating his guideline range.  Because the defendant did not object to the calculation at the time of his sentence, "he was entitled to relief only if he could satisfy [Federal Rule of Criminal Procedure] 52(b)'s requirements."  *Id.* at 1344.

A court of appeals has discretion to "remedy a forfeited error" under Rule 52(b) provided three conditions are met.  *Id.* at 1343.  "First, there must be an error that has not been intentionally relinquished or abandoned."  *Id.*  Second, this error must be "clear or obvious."  *Id.*

3

Finally, the error "must have affected the defendant's substantial rights" meaning that "but for the error, the outcome of the proceeding would have been different." *Id.* (quotation and citation omitted). The question facing the Supreme Court in *Molina-Martinez* was whether the defendant, in establishing an effect on substantial rights, had to "make some further showing of prejudice beyond the fact that the erroneous, and higher, Guidelines range set the wrong framework for the sentencing proceedings." *Id.* at 1345. The Court held that the defendant did not have to make this additional showing. *Id.*

*Molina-Martinez* concerned the application of Rule 52 and the evidentiary burden facing a defendant in the context of a direct appeal of a sentence and obviously does not apply here. Moreover, in *Molina-Martinez*, the defendant pleaded guilty *without* a plea agreement. *See* Brief for the United States at 4, *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) (No. 14-8913), 2015 WL 9181065, at *20. Kuran seeks to attack her sentence under Section 2255 after she pleaded guilty and "intentionally relinquished or abandoned" her right to collaterally attack her sentence in a Section 2255(b) motion. *Id.* at 1343; *see infra* Part II. Thus, even if Rule 52 was applicable, Kuran would not satisfy its requirements.

## II.

Kuran's motion also fails because she waived her rights to collaterally challenge her sentence. Criminal defendants "may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). When a criminal defendant waives collateral challenge rights, the Court must evaluate the validity of the waiver by examining two factors: (1) whether the waiver was knowing and voluntary; and (2) whether enforcing the waiver "would work a miscarriage of justice." *Id.* at 237.

4

## A.

In determining whether a waiver is knowing and voluntary, the Court "must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the terms of any provision in a plea agreement waiving the right to appeal or collaterally attack the sentence." *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001) (citing FED. R. CRIM. P. 11(c)(6)).

Kuran knowing and voluntarily waived her right to collaterally attack her sentence. In her plea agreement, Kuran agreed that:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

(Plea Agmt., at 6, ECF No. 8.) At her change of plea hearing, Kuran confirmed in open court that she read the entire plea agreement document, understood it and signed it. (Tr. of Hr'g, at 27:6–28:1, ECF No. 49-3). Moreover, Kuran informed the Court that she had sufficient time to discuss the plea agreement with her attorney and make a decision to plead guilty. (*Id.* at 27:12–16.) The Court thereafter assured itself that Kuran's waiver of her habeas corpus rights was knowing and voluntary:

> **The Court:** Okay. And you agree to waive your right to file a habeas corpus action and agree to do so?
>
> **The Defendant:** Yes, Your Honor.
>
> **The Court:** And have you discussed that with your attorney?
>
> **The Defendant:**  I think we did.
>
> **The Court:** Okay.

**The Defendant:** I just wanted to make sure.

**The Court:** Okay. Well, basically normally after a trial you have a right to appeal. We call that the direct appeal to a higher Court which might decide something different from what I have decided. Your guilty plea agreement greatly limits appeal. There's just a few conditions that allow you to appeal.

Now, ordinarily then, after that appeal is finished, you could then file a habeas corpus action to again attack your conviction and your sentence. Frequently, that's an attack that your attorney was ineffective in defending you on the charges.

Now you are agreeing absolutely that you will not bring such a federal habeas corpus action. You don't have a limited right to it. It's prohibited completely.

Do you understand that?

**The Defendant:** Yes, Your Honor.

(Tr. of Hr'g, at 22:25–23:23, ECF No. 49-3.)

**B.**

Enforcing Kuran's waiver would not "work a miscarriage of justice." *See Mabry*, 536 F.3d at 237. Courts should apply the "miscarriage of justice" exception to a collateral attack waiver "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). Nevertheless, the Court has an affirmative duty to examine the issue. *Mabry*, 536 F.3d at 237. The Third Circuit has recognized the "miscarriage of justice" exception in only "a few limited circumstances, such as where 'constitutionally deficient lawyering prevented the defendant from understanding his plea,'" where a defendant should have been permitted to withdraw a guilty plea, or where the waiver itself was the product of ineffective assistance of counsel. *United States v. Spivey*, 182 F. Supp. 3d 277, 280 (E.D. Pa. 2016) (citing *United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007); *Wilson*, 429 F.3d at 458). This case does not fall into any of those categories, and none of the relevant considerations suggests that enforcing the collateral attack waiver will work a miscarriage of justice. *See Khattak*, 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001)).

Kuran argues that her counsel was ineffective because he failed to show her discovery, failed to discuss the "actual and intended loss" calculation and failed to object to the government's calculation.  She does not, however, argue that counsel was ineffective in helping her understand her plea or in helping her understand the consequences of waiving her rights to collaterally attack her sentence.  Even if Kuran's assertions are true, her allegations do not establish a miscarriage of justice.  Her plea agreement stipulated to the government's actual loss and intended loss calculation—she was therefore informed of the loss calculation before she decided to plead guilty.  Moreover, Kuran assured the Court during her plea colloquy that she read the entire plea agreement and understood it.

### III.

In Kuran's Section 2255 motion, she also contends that Amendment 794 to the Sentencing Guidelines would result in a reduced sentence and apply retroactively.  Because Kuran is proceeding *pro se*, the Court should liberally construe her filings with an eye toward substance, rather than form.  *United States v. Delgado*, 363 F. App'x 853, 855 (3d Cir. 2010) (citing *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)).  The Court will therefore construe Kuran's motion as a one to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to modify a term of imprisonment of a defendant who was sentenced based on a "sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

Kuran's motion nevertheless fails.  Her waiver applied to collateral attacks brought "under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, *or any other provision of law*." (Plea Agmt., at 6, ECF No. 8 (emphasis added).)  As noted above the waiver was knowing, intelligent and voluntary; it would not work a miscarriage of justice to apply the waiver here.  In

7

any event, whether Amendment 794 applies retroactively is unsettled in this circuit, *see United States v. Montgomery*, ___ F. App'x ___, 2016 WL 7478499, at *2 n.2 (3d Cir. 2016).  Other courts to address the retroactivity of Amendment 794 in the context of collateral attacks have found the Amendment non-retroactive.  *See, e.g.*, *Chavez-Ramirez v. United States*, No. 16-00456, 2016 WL 6634866, at *3 (D. Haw. Nov. 08, 2016); *West v. United States*, No. 16-2540, 2016 WL 6652992, at *1 (N.D. Tex. Oct. 20, 2016).  For this reason, in addition to Kuran's knowing, intelligent and voluntary waiver, her second motion is denied.[1]

Furthermore, because Kuran has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the dispositions of her claims, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] The Court will not, "on its own motion," reduce the term of imprisonment based on Amendment 794 because Kuran does not qualify as a minor or minimal participant. 18 U.S.C. § 3582(c)(2).

[2] Third Circuit Local Appellate Rule 22.2 states: "At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under Section 2254 or Section 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue."